Law Library

**IN THE SUPERIOR COURT OF GUAM**

**SMALL CLAIMS DIVISION**

FILED
SUPERIOR COURT
GUAM
AUG 27 PH 12: 16
CLERK OF COURT
BY:

ADVANCE ENGINEERING )    Small Claims Case No. SD 6265-13
CONSULTING COMPANY, )
               )
      Plaintiff, )
  vs. )
               )    **DECISION AND ORDER**
PACIFIC GREEN INTEGRATED )
TECHONOLGY INC., )
               )
      Defendant. )
               )
_____)

**INTRODUCTION**

This matter came regularly before the Honorable Alberto E. Tolentino, Magistrate Judge, on the 22nd day of August, 2013, for a Judgment Debtor Examination and a hearing on a Motion to Set Aside Default Judgment. Plaintiff Advance Engineering was represented by its full-time employee, Vicente Torres. Defendant Pacific Green Integrated Technology Inc. was represented by its full-time employees Virginia Liu and Enrique Cruz. After hearing the arguments on the Motion to Set Aside Default Judgment, the Court took the matter under advisement. After having reviewed the evidence and the applicable law, the Court now issues its Decision and Order.

**BACKGROUND**

On or about April 24, 2013, Plaintiff filed a Summons and Declaration in Small Claims against the Defendant alleging the non-payment of professional engineering services fee. Defendant was served by delivering the Summons and Declaration personally upon its employee, Mr. Enrique Cruz, on April

1

29, 2013. *See* Declaration of Service by Javier Atalig (May 2, 2013). The Summons directed the Defendant:

> [T]o appear and answer the within and foregoing claims as set forth in the **DECLARATION** at the Small Claims Division, Superior Court of Guam, Northern Court Satellite, 132 W. Marine Drive, Dededo, Guam, telephone 300-0000, on the __JUN 04 2013__, at _11:00 a.m._, and to have with you then and there all books, papers, and witnesses needed by you to establish your defense to said claim.

Summons (Apr. 24, 2013)(emphasis in original).

At the answering on June 4, 2013, Defendant was not present. Consequently, on June 21, 2013, entry of default and default judgment against the Defendant was filed and entered on the docket on June 25, 2013.

On July 2, 2013, Defendant filed a Motion to Set Aside the Default Judgment. Plaintiff filed a Declaration and Order for Examination of Judgment debtor and Related Supplemental Proceedings on July 5, 2013. Both matters were set for hearing on August 22, 2013.

At the hearing, Defendant's employees explained that they had gone to the Superior Court in Hagåtña with the intent of denying the allegations; however, they did not realize that the Answering was set before the Magistrate at the Northern Court Satellite in Dededo. The basis of the denial was Defendant's assertion that there was no contract with the Plaintiff for the services that were rendered.

The Court informed the parties that it would take Defendant's arguments under advisement but that if the Defendant's motion to set aside was granted then a trial date would be set. If, however, the motion was denied then it would proceed with the judgment debtor examination at a later date.

## DISCUSSION

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Guam R. Civ. P 55(a). Thereafter, a judgment by default may

2

be entered by either the Clerk or by the Court. *See* Guam R. Civ. P. 55(b). However, "[f]or good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Guam R. Civ. P. 55(c).

In most cases, and similar to the facts of this case, the provisions of Rule 60(b) which apply most often state:

> **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; . . .
>
> or
>
> (6) any other reason justifying relief from the operation of the judgment.

Guam R. Civ. P. 60(b)(1)(6)(emphasis in original).

A court will deny a motion to set aside a default judgment if it is shown that (1) the defendant's culpable conduct led to the default; (2) the defendant has no meritorious defense; or (3) the plaintiff would be prejudiced if the judgment is set aside. *See Midsea Industrial, Inc. v. HK Engineering, Ltd.*, 1998 Guam 14 ¶5 (citations omitted). A finding of but one of the three elements is sufficient to deny vacation of a default judgment. *Id.*

While the court has the discretion to grant or deny a Rule 60(b) motion, that discretion is limited by two policy considerations. *Mariano v. Surla*, 2010 Guam 2 ¶35. First, since Rule 60(b) is remedial in nature, it must be liberally applied. *Id.* Second, default judgments are generally disfavored and whenever possible, cases should be decided upon their merits. *Id.*

In this case, the Defendant did not appear and answer the allegations of the declaration filed against it. Despite being directed to appear before the Small Claims Division of the Superior Court at

3

the Northern Court Satellite, Defendant's representative proceeded to the Superior Court in Hagåtña. There was nothing that was said at the hearing which would tend to indicate that the Defendant intentionally ignored the summons's directive to appear before this court. Rather, it appears that Defendant mistakenly assumed that the answering would be held in Hagåtña and was prepared to offer a denial to the allegations of the declaration and to seek a trial on the merits of Plaintiff's complaint.

Furthermore, upon examination, albeit cursory, of the Defendant's assertion of lack of privity of contract with the Plaintiff, the Defendant may have a meritorious defense to the claim. If it can be shown that the Defendant lacked a meritorious defense then a Rule 60(b) motion to set aside should be denied. *Midsea* at ¶10. The court must determine "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id.* (citations omitted). Defendant has asserted that its denial of liability is premised on the fact that it had no contractual relationship with the Plaintiff. Thus, the Defendant's averment, if proved, would render a contrary result to the judgment which was entered.

Finally, the Defendant's motion to set aside the default judgment was filed within a few days of the entry of the default and entry of default judgment. The Court perceives no impediment to the Plaintiff in the presentation of its claims against the Defendant to warrant a finding of prejudice against the Plaintiff if the set aside were granted.

## CONCLUSION

Therefore, based upon the foregoing, the Court finds the Defendant's failure to appear and answer before the Magistrate at the Northern Court Satellite was the result of excusable neglect and that its Motion to Set Aside Default Judgment should be granted.

4

**WHEREFORE**, the Court hereby **ORDERS** that the Default Judgment of June 21, 2013, be set aside and that the matter be set for trial on _____ SEP 1 3 2013 _____, at 10:00 a.m. and that the parties be prepared to present witnesses and evidence to support their respective claims and defenses. Furthermore, the Court **ORDERS** that the parties shall file with the Court a short, plain and concise statement of the reasons they are entitled to judgment in their favor by close of business on SEP 09 2013 _____.

**SO ORDERED** this _____ day of August, 2013.

_____
**ALBERTO E. TOLENTINO, Magistrate Judge**
**Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the ORIGINAL on file in the Office of the Clerk of Court, Superior Court of Guam.

DATE: AUG 2 7 2013

JERIMIAH R. DUENAS
DEPUTY CLERK, Superior Court of Guam

5